UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY RANDELSON, | ) | CASE NO.1:05CV1978 |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) | |
| KENNAMETAL, INC., et al., | ) | |
| Defendants. | ) | OPINION AND ORDER |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion for Summary Judgment filed by Defendant, Kennametal, Inc. For the following reasons, Defendant, Kennametal, Inc.'s Motion is granted.

### I. FACTUAL BACKGROUND

Plaintiff Randelson was an at-will employee of Defendant, Kennametal, Inc., a supplier of tooling and advanced materials. Plaintiff was a third shift employee at Defendant's Orwell, Ohio facility as a hone operator alongside Defendant Rick Bowser, also a hone operator. During their three years working together, Plaintiff Randelson had a very troubled relationship with Defendant Bowser, including alleged disagreements, threats, sexual harassment, and general misconduct. Eventually, on November 19, 2003 Plaintiff's husband and brother assaulted Defendant Bowser while Bowser was on a break. Around December 2003, Plaintiff Randelson was discharged for knowingly allowing a co-worker to be assaulted and not disclosing information which could have

1

prevented the assault.

On or about March 9, 2004, Plaintiff Randelson filed her EEOC charge against Defendants and, on April 14, 2005, Plaintiff filed for Chapter 7 bankruptcy. On Plaintiff's Chapter 7 petition, she failed to disclose her claims against Defendant, as required by law. On July 1, 2005, the EEOC issued Plaintiff Randelson's right to sue notice. Shortly after, the bankruptcy trustee filed a "No Asset Report," and Plaintiff's Chapter 7 Bankruptcy was discharged on August 18, 2005. On August 11, 2005, one week prior to this discharge, Plaintiff filed this lawsuit against Defendant Kennametal, Inc. There is no evidence the bankruptcy trustee was notified of this lawsuit. Finally, on September 22, 2005, after Plaintiff's bankruptcy was discharged, she requested the Complaint be served upon the Defendants.

## II. STANDARD OF REVIEW

In a Motion for Summary Judgment, the moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. V. Catrett*, 477 U.S. 317,323 (1986). An opponent of a motion for summary judgment may not rely on the mere allegations of the complaint, but must set forth specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). When no reasonable jury could return a verdict for the non-moving party, no genuine issue exists for trial. *Id*. However, in evaluating a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the non-moving party. *Gen. Elec. Co. V. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1097-98 (6th Cir. 1994).

### III. ANALYSIS AND DECISION

**A) Judicial Estoppel**

The doctrine of judicial estoppel bars a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002). Here, Plaintiff Randelson asserted in her bankruptcy pleading she had no potential causes of action. The Bankruptcy Court adopted this position when it filed a "No Asset Report" and discharged Plaintiff's bankruptcy. This position is contrary to the position which Plaintiff Randelson presents in this proceeding.

Previously, the Sixth Circuit has viewed judicial estoppel as a valid defense in cases similar to the one before the Court. In *Lewis*, the court applied the doctrine of judicial estoppel where Plaintiff filed a Chapter 13 bankruptcy petition which she never amended to include a discrimination claim filed two months later. *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 422 (July, 2005). The *Lewis* Court held, "when a bankruptcy court...approves a payment on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position." *Id.* at 425 (citing *De Leon v. Comcar Indust.*, 321 F.3d 1289,1291 (11th Cir. 2003)). Here, in Plaintiff's Chapter 7 bankruptcy claim, Plaintiff Randelson failed to disclose this discrimination claim which had been filed one year prior to her bankruptcy claim. Plaintiff Randelson's failure to disclose is an even greater violation of the duty to disclose than the failure to disclose by the Plaintiff in *Lewis*.

Plaintiff Randelson alleges her failure to include her claims against Defendant in her bankruptcy petition were inadvertent. However, the failure to disclose a cause of action may be

3

deemed inadvertent where (1) the debtor lacks the knowledge of the factual basis of the undisclosed claims, or (2) the debtor has no motive for concealment. *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002) (citing *In re Coastal Plains, Inc.*, 179 F.3d at 210). Plaintiff's filing of her EEOC complaint demonstrates her knowledge of the claim. In addition, Plaintiff Randelson had motive for the concealment because damages from any potential claim could have been used to repay her creditors and thus, she would not benefit from any funds collected. Accordingly, Plaintiff's claim of inadvertent failure to disclose is not well-taken.

Furthermore, Plaintiff Randelson's assertion that she informed her bankruptcy attorney of her potential claim is unpersuasive. Previously, it has been stated, "although the debtor's attorney failed to list the debtor's discrimination suit on the schedule of assets despite the fact that the debtor specifically told him about the suit, the attorney's omission is no panacea." *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 427 (July, 2005) (citing *Barger v. City of Cartersville, Georgia*, 348 F.3d 1289, 1295 (11th Cir. 2003). Accordingly, the mistake by Plaintiff Randelson's bankruptcy attorney will not translate into an admissible inadvertent mistake by Plaintiff Randelson and move this court to deny the application of the doctrine of judicial estoppel.

Finally, Plaintiff's addition of the bankruptcy trustee as a Plaintiff only occurred after Defendant Kennametal, Inc. raised the doctrine of judicial estoppel in its answer. This raises serious concerns whether Plaintiff's failure to notify the Bankruptcy Court was due to mistake or inadvertence and does not cure Plaintiff's failure to do so. The Court is not swayed by the Plaintiff's efforts to avoid the defense of judicial estoppel.

## IV. CONCLUSION

Defendant Kennametal's Motion for Summary Judgment is granted based on the doctrine of judicial estoppel, to wit; Plaintiff Randelson's failure to disclose her discrimination claim in her petition for Chapter 7 bankruptcy. The case will proceed against Defendant Bowser.

IT IS SO ORDERED.

11/1/06
Date

CHRISTOPHER A. BOYKO
United States District Judge